Carrie A. McQuaid, SBN 254066
cmcquaidlaw@gmail.com
MCQUAID LAW, APLC
18770 Pasadero Dr.
Tarzana, CA 91356
Telephone: 818-650-0514
Facsimile: 267-363-8649
Attorneys for Plaintiff
Swift Harvest USA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIFT HARVEST USA, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR GENERAL CORPORATION, a Tennessee corporation, DOES 1-10,<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR:<br><br>1.  COPYRIGHT INFRINGEMENT<br>2.  INFRINGEMENT OF AN UNREGISTERED TRADEMARK (15 U.S.C. §1125(a))<br>3.  TRADE DRESS INFRINGEMENT<br>4.  FALSE ADVERTISING<br>5.  FALSE DESIGNATION OF ORIGIN<br>6.  COMMON LAW TRADEMARK INFRINGEMENT<br>7.  COMMON LAW UNFAIR COMPETITION<br>8.  UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200<br>9.  UNJUST ENRICHMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Swift Harvest USA, LLC ("Swift Harvest") for its claims against Defendants Dollar General Corporation ("Dollar General") and DOES 1-10 hereby

1

**COMPLAINT**

complains and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to the Copyright Act of 1976, 17 U.S.C. §101 et seq.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a) and (b), and 28 U.S.C. § 1367(a).

2.      Venue is appropriate in this District based on 28 U.S.C. §1391(b)(2).

## THE PARTIES

3.      Plaintiff Swift Harvest is, and at all times relevant to this Complaint was, a company incorporated and existing under the laws of Hong Kong.

4.      On Plaintiff's information and belief, Defendant Dollar General is, and at all times relevant to this Complaint was, a corporation incorporated and existing under the laws of the State of Tennessee, and doing business in, among other places, the State of California.

5.      The true names and capacities, whether individual, corporate, or otherwise, of Defendants DOES 1 through 10 are unknown to Swift Harvest, and Swift Harvest therefore sues these Defendants by their fictitious names and capacities in place of their fictitious names if, and when, Plaintiff identifies them.

6.      On Plaintiff's information and belief, DOES 1 through 10, inclusive, have acted or failed to act in concert with Dollar General as alleged herein, and are responsible in some manner for the injuries and damages suffered by Swift Harvest.  All references to Dollar General herein shall be deemed to include Does 1 through 10.

7.      At all times herein mentioned, Defendants, including DOES 1 through 10, and each of them, were the agents, affiliates, subsidiaries, employees, co-conspirators, and/or alter egos of Dollar General, and were at all times acting within the purpose and scope of such agency and employment, and Dollar General has ratified and approved the acts of its agents.

///

1

## **GENERAL ALLEGATIONS**

2    8.    Swift Harvest is a design and marketing company located in the USA.

3  Swift Harvest provides creative services such as packaging, marketing, and

4  product design for products such as toys, stationary, water products and novelty

5  toys, including the water sprinkler toys *Banzai Wigglin' Water Sprinkler*

6  (hereinafter referred to as "the Wigglin' Water Sprinkler") and *Banzai Cyclone*

7  *Spin Sprinkler* (hereinafter referred to as "the Cyclone Spin Sprinkler").   The

8  products for which Swift Harvest works on are supplied by various vendors

9  throughout China.

10    9.    The Wigglin' Water Sprinkler is a children's water sprinkler toy

11  consisting of a twelve (12) foot long brightly-colored hose (orange or yellow in

12  most instances) (hereinafter the "WW Hose") with fifteen (15) sprinkler arms of

13  varying colors (hereinafter the "WW Arms").  The product likewise includes three

14  (3) brightly-colored cylindrical pods (orange or blue in most instances) to stabilize

15  the hose (hereinafter the "WW Pods") (the WW Hose, WW Arms, and WW Pods

16  referred to collectively hereinafter as the "WW Pieces").  When connected to a

17  running garden hose, the Wigglin' Water Sprinkler "comes to life" and "dances" as

18  water sprays out from the ends of the toy's arms.  True and correct photographic

19  images depicting the WW Pieces are attached hereto as **Exhibit A**.

20    10.    While the infringing activity alleged herein was occurring, Swift

21  Harvest was assigned all intellectual property rights in a photograph depicting

22  three young children, two boys and a girl, dressed in swimsuits and playing around

23  (and running through) an operating Wigglin' Water Sprinkler for use on the

24  packaging of the water sprinkler toy.  In this photograph, which is hereinafter

25  individually referred to as the "WW Demo Photo," a Wigglin' Water Sprinkler

26  dances and sprays water on the children from its arms as they play and run around

27  the toy in the backyard on a sunny day.  One of the boys is prominently featured in

28  the center of the photograph as he runs through streams of water and over the

sprinkler hose.  A true and correct copy of the WW Demo Photo is attached as **Exhibit B**.

11.     The Cyclone Spin Sprinkler is a children's water sprinkler that operates in a similar fashion to the Wigglin' Water Sprinkler.  The Cyclone Spin Sprinkler consists of three brightly-colored, star-shaped rings (one inside the other).  The CS Rings are held up by a dual-colored base/stem, consisting of blue paint imitative of water splash, complemented by a bright fill surrounding the splash.  The Cyclone Spin Sprinkler spins and sprays water from small holes within each ring in a swirling, random fashion when connected to a running garden hose.  True and correct photographic images depicting the Cyclone Spin Sprinkler are attached hereto as **Exhibit C.**

12.     Among other things, the Wigglin' Water Sprinkler Packaging (hereinafter the "WWS Packaging") consists of a circular, clear plastic container, in which the product is coiled similar to a garden hose.  The WW Demo photo and variations thereof featuring the Wigglin' Water Sprinkler are displayed on a rectangular banner wrapped around the middle of the WWS Packaging.  The WWS Packaging banner prominently features orange and blue colors.  A true and correct copy of the Wigglin' Water Sprinkler as it appears in the constructed WWS Packaging (and displaying the WW Demo Photo on the front of the packaging) is attached as **Exhibit D**.

13.     Among other things, the Cyclone Spin Sprinkler Packaging (hereinafter the "CSS Packaging") consists of an upright rectangular box featuring an orange and blue color pattern.  At the base of the CSS Packaging is an open shelf where the water sprinkler toy sits and is in open view to the consumer.  The words "Cyclone Spin Sprinkler" are prominently featured on all sides of the CSS Packaging.  A true and correct copy of the Cyclone Spin Sprinkler as it appears in the constructed CSS Packaging (and displaying the CS Demo Photo on the front of the packaging) is attached as **Exhibit E**.

14.     The WWS Packaging and the CSS Packaging are collectively referred to hereinafter as the "Banzai Sprinkler Packaging."

15.     Focus Brand Limited ("Focus") is a company organized and domiciled in Hong Kong.  Focus owned the copyrights and other intellectual property rights associated with the Wigglin' Water Sprinkler and Cyclone Spin Sprinkler.  Focus obtained a Certificate of Registration of Design in Hong Kong with respect to the Wigglin' Water Sprinkler effective as of June 7, 2013.  Focus obtained a Certificate of Registration of Design in Hong Kong with respect to the Cycline Spin Sprinkler effective as of June 26, 2015.

16.     On or about June 15, 2017, Focus filed its application for registration of the Wigglin' Water Sprinkler with the United States Copyright Office.

17.     On or about June 15, 2017, Focus filed its application for registration of the WW Demo Photo with the United States Copyright Office.

18.     On or about June 15, 2017, Focus filed its application for registration of the Cyclone Spin Sprinkler with the United States Copyright Office.

19.     In 2017, Focus entered into an assignment agreement in which Focus assigned its rights, title and interest in the Wigglin' Water Sprinkler, WW Demo Photo, Cyclone Spin Sprinkler, WWS Packaging, and CSS Packaging, including all copyright and other intellectual property rights, goodwill, and existing causes of action relating thereto, to Banzai International Limited ("Banzai").  Banzai subsequently entered into an assignment agreement in which Banzai assigned its rights, title and interest in the Wigglin' Water Sprinkler, WW Demo Photo, Cyclone Spin Sprinkler, WWS Packaging, and CSS Packaging, including all copyright and other intellectual property rights, goodwill, and existing causes of action relating thereto, to Swift Harvest.

20.     Swift Harvest intends to seek leave to amend the instant Complaint once the registration numbers of the Wigglin' Water Sprinkler, WW Demo Photo, and Cyclone Spin Sprinkler are made available by the United States Copyright

Office.

## DEFENDANT'S INFRINGING CONDUCT

21.    On Plaintiff's information and belief, Dollar General is, among other things, a retail company that distributes, markets, sells and offers for sale children's water sprinkler toys to the consuming public across the United States, including the State of California, under the trade names "Water Sprinkler", "Hurricane Sprinkler", "Cyclone Spin Sprinkler," and "Twisty Water Sprinkler" (collectively referred to hereinafter as the "Infringing Sprinkler Products").

22.    In or about April 2017, it was discovered that, notwithstanding Swift Harvest's rights in the Wigglin' Water Sprinkler, inclusive of the WW Pieces, Dollar General, acting without Swift Harvest's permission or consent, have misappropriated, adopted, copied, marketed, sold, and distributed a children's water sprinkler named the "Water Sprinkler" (hereinafter the "Infringing Water Sprinkler"), which displays and contains pieces that are identical to or indistinguishable from Banzai's Wigglin' Water Sprinkler, inclusive of the WW Pieces.  Swift Harvest is informed and believes, and on that basis alleges, Dollar General's activities concerning the Infringing Water Sprinkler began in or about late 2016 or early 2017 and continue to this day.  Just like Banzai's Wigglin' Water Sprinkler, the Infringing Water Sprinkler contains a twelve (12) foot long brightly-colored hose with fifteen (15) sprinkler arms of varying colors which are identical to or indistinguishable from the WW Hose and WW Arms.  Like the Banzai Wigglin' Water Sprinkler, the Infringing Water Sprinkler includes three (3) brightly-colored cylindrical pods (orange or blue in most instances) to stabilize the hose which are identical to or indistinguishable from the WW Pods.  The Infringing Water Hose also utilizes the same materials of construction.  True and correct photographic images depicting the Infringing Water Sprinkler are attached hereto as **Exhibit F.**

23.    In or about April 2017, it was discovered that, notwithstanding Swift

Harvest's rights in the Cyclone Spin Sprinkler, Dollar General, acting without Swift Harvest's permission or consent, have misappropriated, adopted, copied, marketed, sold, and distributed a children's water sprinkler named the "Hurricane Sprinkler" (hereinafter the "Infringing Spin Sprinkler"), which displays and contains pieces that are identical to, indistinguishable from, or substantially similar to the Banzai Cyclone Spin Sprinkler.  Swift Harvest is informed and believes, and on that basis alleges, Dollar General's activities concerning the Infringing Spin Sprinkler began in or about late 2016 or early 2017 and continue to this day.  Just like the Banzai Cyclone Spin Sprinkler, the Infringing Spin Sprinkler consists of three brightly-colored, star-shaped rings (one inside the other) which are indistinguishable from or substantially similar the Cyclone Spin Sprinkler's rings.  Like the Banzai Cyclone Spin Sprinkler, the Infringing Spin Sprinkler's rings are held up by a dual-colored base/stem, consisting of blue paint imitative of a water splash, complemented by a bright fill surrounding the splash, which is indistinguishable from or substantially similar to the Cyclone Spin Sprinkler's base/stem.   The Infringing Spin Sprinkler also utilizes the same materials of construction.  True and correct photographic images depicting the Infringing Water Sprinkler are attached hereto as **Exhibit G.**

24.    In or about May 2017, it was discovered that, notwithstanding Swift Harvest's rights in the Cyclone Spin Sprinkler, Dollar General, acting without Swift Harvest's permission or consent, have misappropriated, adopted, copied, marketed, sold, and distributed a children's water sprinkler named the "Cyclone Spin Sprinkler" (hereinafter the "Infringing CSS Sprinkler"), which displays and contains pieces that are identical to, indistinguishable from, or substantially similar to the Banzai Cyclone Spin Sprinkler.  Swift Harvest is informed and believes, and on that basis alleges, Dollar General's activities concerning the Infringing CSS Sprinkler began in or about late 2016 or early 2017 and continue to this day.  Just like Banzai's Cyclone Spin Sprinkler, the Infringing CSS Sprinkler consists of

three brightly-colored, star-shaped rings (one inside the other) which are indistinguishable from or substantially similar the Cyclone Spin Sprinkler's rings. Like the Banzai Cyclone Spin Sprinkler, the Infringing CSS Sprinkler's rings are held up by a dual-colored base/stem, consisting of blue paint imitative of a water splash, complemented by a bright fill surrounding the splash, which is indistinguishable from or substantially similar to the Cyclone Spin Sprinkler's base/stem.   The Infringing CSS Sprinkler also utilizes the same materials of construction.   True and correct photographic images depicting the Infringing Water Sprinkler are attached hereto as **Exhibit H.**

25.   In or about May 2017, it was discovered that Defendants, without Swift Harvest's prior consent or authorization, had misappropriated the WW Demo Photo for its economic advantage on the packaging on its various lines of water sprinkler toys, including the "Twisty Water Sprinklers" that directly compete with Swift Harvest's water sprinkler toys.

26.   Just like with the WWS Packaging, exact copies (hereinafter the "Infringing Demo Photo") of the WW Demo Photo appear on the packaging of the Dollar General Twisty Water Sprinkler.   All elements of the WW Demo Photo and the Infringing Demo Photo, including the depiction and identities of the children, the colors and patterns of their swimsuits, and even the streams of water spraying from the water sprinkler toy, are exactly the same.   As an example of the misappropriation of the WW Demo Photo, attached as **Exhibit I** is a true and correct screenshot from Dollar General's website of the Twisty Water Sprinkler Packaging with the Infringing Demo Photo displayed prominently on the bottom right side of packaging.

27.   In addition to misappropriating the WW Demo Photos, the packaging of the respective Infringing Sprinkler Products sold at Dollar General bears a striking resemblance to and is a blatant and obvious imitation of the WWS Packaging and the CSS Packaging.   Just like the WWS Packaging, the Dollar

General Water Sprinkler packaging consists of a circular, clear plastic container, in which the product is coiled similar to a garden hose.  The Dollar General Water Sprinkler Packaging, just like its counterpart, also prominently features an orange and blue color pattern on its banner.  Just like the CSS Packaging, the Dollar General Hurricane Sprinkler Packaging and Dollar General Cyclone Spin Sprinkler Packaging consists of an upright rectangular box featuring a shelf at its base where the water sprinkler toy sits and is in open view to the consumer.  Also just like the Banzai Water Sprinkler Product, the packaging of the Dollar General Hurricane Sprinkler also features an orange and blue color pattern.  Also just like the Banzai CSS Packaging, the packaging of the Dollar General Hurricane Sprinkler also prominently features the words "Cyclone Spin Sprinkler" on the front base.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Against All Defendants)

28.    Plaintiff hereby repeats and re-alleges Paragraphs 1 through 27 of this Complaint as though set forth in full at this point.

29.    Swift Harvest is the sole owner of all intellectual property rights, including copyright and the standing to sue for the infringement thereof, of the Wigglin' Water Sprinkler (and WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo.

30.    At all times relevant hereto, Swift Harvest and/or its assignor Banzai owned the exclusive rights to manufacture, duplicate, distribute, advertise, transmit, sell, and offer to sell copies of the Wigglin' Water Sprinkler, inclusive of the WW Pieces, Cyclone Spin Sprinkler, and WW Demo Photo, in, among other territories, the United States.

31.    Swift Harvest is informed and believes, and on that basis alleges, Dollar General had actual notice of Swift Harvest's exclusive copyright rights in the Wigglin' Water Sprinkle (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, including but not limited to the existence of the

Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, in the commercial market place for a number of years.

32. Dollar General failed to seek or obtain Swift Harvest's consent or authorization to utilize, manufacture, reproduce, copy, duplicate, prepare derivative works, display, advertise, transmit, market, distribute, sell, offer to sell, transfer, rent, and/or otherwise perform Swift Harvest's copyright-protected Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo.

33. Without permission, authorization, license or otherwise, Dollar General wantonly, intentionally, knowingly, and/or with reckless disregard for Swift Harvest's rights utilized, manufactured, reproduced, copied, duplicated, prepared derivative works, displayed, advertised, transmitted, marketed, distributed, sold, offered to sell, transferred, rented, and/or performed Swift Harvest's protected works by copying, offering, advertising, promoting, retailing, selling, and distributing replicated or related products which are at a minimum substantially similar to Swift Harvest's copyright protected Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo.

34. Swift Harvest is informed and believes, and on that basis alleges, that Dollar General caused damages to Swift Harvest from, among other things, the illegal and wrongful manufacture, use, duplication, distribution, advertising, transmission, sale and otherwise profiting from the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, which at all times relevant hereto were and/or are exclusively owned by Swift Harvest.

35. As a proximate result of Dollar General's knowing and intentional copyright infringement of the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, without Swift Harvest's

and/or its assignor's prior authorization and consent as alleged herein, Dollar General has caused and will continue to cause substantial and irreparable harm to Swift Harvest and will continue to cause Swift Harvest to suffer general and special damages, in the form of lost profits and other benefits, the exact amount of which will be proven at trial.

36. Swift Harvest is entitled to damages and equitable relief against Dollar General, including an injunction requiring that Dollar General, its agents, servants and employees and all persons and entities acting in concert with them:

a. Be enjoined from directly or indirectly infringing upon Swift Harvest's copyrights in the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, or to continue to manufacture, duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo, or assist others in any such activity.

b. Be ordered to return to Swift Harvest all originals, copies, facsimiles, or duplicates of any products containing the Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and WW Demo Photo in Dollar General's possession, custody, and/or control.

## SECOND CLAIM FOR RELIEF

**(Infringement of an Unregistered Trademark Against All Defendants (15 U.S.C. §1125(a))**

37. Plaintiff hereby repeats and re-alleges Paragraphs 1 through 27 of this Complaint as though set forth in full at this point.

38. The actions complained of herein constitute willful infringement of an unregistered trademark in a manner likely to cause confusion and create a false association, connection, or affiliation between Defendants and Swift Harvest

and/or the "Cyclone Spin Sprinkler" trademark.  The Defendants' unauthorized and infringing work, which is distributed bearing the Infringing "Cyclone Spin Sprinkler" mark (hereinafter the "Infringing Mark"), is likely to cause confusion or deception as to the affiliation, connection or association of Swift Harvest's trademark with the Defendants, and as to the origin, sponsorship and/or approval of the Defendants' works.

39.    The foregoing acts of Defendants constitute infringement of an unregistered trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

40.    By reason of all the foregoing, Swift Harvest is being damaged by the Defendants' willful use of the Infringing Mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using, selling, or distributing products bearing the Infringing Mark or any confusingly similar mark.

41.    Swift Harvest will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

42.    As a proximate result of Defendants' infringement of its protected trademark, Swift Harvest has suffered and will continue to suffer damages, in the form of lost profits and sales as well as the deprivation of the value of its trademark as a commercial asset, in an amount according to proof.

43.    Under 15 U.S.C. §1117(a), Swift Harvest is entitled to recover damages sustained by it, as well as Defendants' profits and the costs of the action. Further, this is an exceptional case within the meaning of 15 U.S.C. §1117(a), and therefore an award to Swift Harvest of its reasonable attorney's fees is justified.

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement Against All Defendants (15 U.S.C. §1125(a))

44.    Plaintiff hereby repeats and re-alleges Paragraphs 1 through 27 of this Complaint as though set forth in full at this point.

45.    At all relevant times, Swift Harvest and/or its assignors have

continuously used the Banzai Sprinkler Packaging in interstate commerce to identify its sprinkler toys and other water toy products, including the Wigglin' Water Sprinkler (inclusive of the WW Pieces) and Cyclone Spin Sprinkler, and to distinguish those products from others by prominently displaying the Banzai Sprinkler Packaging (which depicts, among other photos the WW Demo Photo) in advertising, promotional literature and other display materials.  Through such use and association, the Banzai Sprinkler Packaging has acquired a strong consumer awareness and secondary meaning.  The Banzai Sprinkler Packaging is also inherently distinctive and non-functional.

46.    Defendants have and continue to advertise, market, sell and offer for sale products in misleading packaging that includes unauthorized depictions of the WW Demo Photo and infringe on the trade dress of the Banzai Sprinkler Packaging.

47.    The Infringing Sprinkler Products bear a striking resemblance to and are a blatant and obvious imitation of the trade dress of the Banzai Sprinkler Packaging (inclusive of the WWS Packaging and CSS Packaging).  The trade dress of Banzai Sprinkler Packaging and the Infringing Sprinkler Products create the same general overall impression and have the same "look and feel."

48.    The similarities between the trade dress of Banzai Sprinkler Packaging and the infringing trade dress of the Infringing Sprinkler Products are not a mere coincidence.  The infringing trade dress of the Infringing Sprinkler Products were designed to intentionally mimic the trade dress of the Banzai Sprinkler Packaging, with the intention to create and creating the false impression that the offending products are associated with and emanate from Swift Harvest.

49.    Defendants have, without permission, willfully, and with the intention of benefitting from the reputation and goodwill of Swift Harvest, imitated the shape, coloring, size, style, layout, design, and/or appearance of the Banzai Sprinkler Packaging.

50.     There is a very great likelihood of confusion to consumers between the Banzai water sprinklers sold under the Banzai Sprinkler Packaging, including the Wigglin' Water Sprinkler and Cyclone Spin Sprinkler, and the Infringing Sprinkler Products.

51.     As a result, the infringing trade dress of the Infringing Sprinkler Products is likely to deceive and has deceived and diverted customers away from genuine water sprinklers sold under the Banzai Sprinkler Packaging, including the Wigglin' Water Sprinkler and Cyclone Spin Sprinkler.

52.     The foregoing conduct of Defendants constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), which prohibits the use in commerce in connection with the sale of goods or rendering of any services any word, term, name, symbol, or device, or combination thereof which is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods or services.

53.     As a direct and proximate result of Defendants' trade dress infringement, Swift Harvest has been injured and will continue to suffer irreparable injury unless Defendants are restrained by this Court from such willful and wanton conduct.

54.     Swift Harvest has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §1116(d) requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

a.     Be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo and Banzai Sprinkler Packaging or assist in any such activity.

b.      Be ordered to return to Swift Harvest all originals, copies, derivatives, facsimiles or duplicates of the WW Demo Photo and Banzai Sprinkler Packaging in Defendants', or each of their, possession, custody, and/or control.

55.     Swift Harvest is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. §1117(a); treble damages pursuant to 15 U.S.C. §1117(a); seizure of all infringing goods pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. §1118.

**FOURTH CLAIM FOR RELIEF**

**(False Advertising Against All Defendants (15 U.S.C. §1125(a))**

56.     Plaintiff hereby repeats and re-alleges Paragraphs 1 through 27 of this Complaint as though set forth in full at this point.

57.     Defendants' commercial use of pictures, samples, replicas or other adaptations and reproduction of the Banzai Sprinkler Packaging, including the depictions of the WW Demo Photo therein and any other portion thereof, as alleged herein to solicit orders for and otherwise in commercial advertising and promotion for the competing Infringing Sprinkler Products constitutes false and misleading descriptions or representations of fact in commercial advertising or promotion, misrepresenting the nature, characteristics, qualities of their or another person's goods or commercial activities and likely to cause and causing deception and influence of purchasing decisions in the market place, as well as the falsely advertised goods to enter interstate commerce.

58.     As a direct and proximate result of Defendants' false and misleading advertising, Swift Harvest, as Banzai's assignee, is likely to be, and has been injured, by direct diversion of sales from Swift Harvest to Defendants and by lessening of the goodwill which Swift Harvest's water sprinkler products, including the Wigglin' Water Sprinkler (inclusive of the WW Pieces) and Cyclone

Spin Sprinkler, enjoy with the purchasing public.

59.   Defendants' conduct constitutes false advertising in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

60.   As a direct and proximate result of Defendants' false advertising, Swift Harvest, as Banzai's assignee, has been injured and will continue to suffer irreparable injury unless Defendants are restrained by this Court from such willful and wanton conduct.

61.   Swift Harvest has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §1116(d) requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

   a.   Be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo and Banzai Sprinkler Packaging or assist in any such activity.

   b.   Be ordered to return to Swift Harvest all originals, copies, facsimiles or duplicates of the WW Demo Photo and Banzai Sprinkler Packaging in Defendants', or each of their, possession, custody, and/or control.

62.   Swift Harvest is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. §1117(a); treble damages pursuant to 15 U.S.C. §1117(a); seizure of all infringing goods pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. §1118.

### **FIFTH CLAIM FOR RELIEF**

**(False Designation of Origin Against All Defendants (15 U.S.C. §1125(a))**

63.     Plaintiff hereby repeats and re-alleges Paragraphs 1 through 27 of this Complaint as though set forth in full at this point.

64.     Defendants' commercial use of pictures, samples, replicas or other adaptations and reproductions of the Banzai Sprinkler Packaging, including the depictions of the WW Demo Photo therein and any other portion thereof, as alleged herein to solicit orders for and otherwise in commercial advertising and promotion for the competing Infringing Sprinkler Products is intentionally designed to deceive and has deceived customers and prospective customers as to the true origin of the goods so used by Defendants.

65.     Defendants' advertising, offering for sale, sales and distribution of the Infringing Sprinkler Products is intentionally designed to deceive and has deceived customers and prospective customers into believing that the Infringing Sprinkler Products originate from or are sponsored or authorized by Swift Harvest.

66.     Defendants' conduct constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

67.     As a direct and proximate result of Defendants' false designation of origin, Swift Harvest, as Banzai's assignee, has been injured and will continue to suffer irreparable injury unless Defendants are restrained by this Court from such willful and wanton conduct.

68.     Swift Harvest has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §1116(d) requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

a.     Be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo and

Banzai Sprinkler Packaging or assist in any such activity.

      b.    Be ordered to return to Swift Harvest all originals, copies, facsimiles or duplicates of the WW Demo Photo and Banzai Sprinkler Packaging in Defendants', or each of their, possession, custody, and/or control.

69.    Swift Harvest is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. §1117(a); treble damages pursuant to 15 U.S.C. §1117(a); seizure of all infringing goods pursuant to 15 U.S.C. §1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. §1118.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

70.    Plaintiff hereby repeats and re-alleges Paragraphs 1 through 27 of this Complaint as though set forth in full at this point.

71.    By reason of all of the foregoing, Swift Harvest has acquired common law trademark rights in the "Cyclone Spin Sprinkler" trademark in connection with, among other things, children's water sprinklers and children's entertainment.

72.    The actions of the Defendants herein complained of are likely to create confusion, mistake and deception of consumers, who are likely to believe that Defendants' infringing products are authorized by, licensed by, sponsored by or otherwise associated with the common law trademark rights in the "Cyclone Spin Sprinkler" trademark.

73.    The actions of the Defendants herein complained of are also likely to create confusion, mistake, and deception of consumers, who are likely to believe that Swift Harvest's works bearing its "Cyclone Spin Sprinkler" trademark are in some way associated with Defendants due to their use of the Infringing "Cyclone Spin Sprinkler" mark.

74.    Upon information and belief, the acts and conduct of Defendants

complained of herein constitute willful and deliberate infringement of Swift Harvest's common law rights in the "Cyclone Spin Sprinkler" trademark and that these acts and conduct will continue in willful and wanton disregard of Swift Harvest's valuable trademark rights.

75.   The foregoing acts of Defendants constitute infringement of Swift Harvest's "Cyclone Spin Sprinkler" trademark in violation of the common law of the State of California.

76.   By reason of all the foregoing, Swift Harvest is being damaged by Defendants' use of the Infringing "Cyclone Spin Sprinkler" mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from creating, distributing or publishing commercial advertisements bearing the Infringing "Cyclone Spin Sprinkler Mark" or any confusingly similar mark.

77.   As a proximate result of Defendants' dilution of its protected trademark, Swift Harvest has suffered and will continue to suffer damages, in the form of lost profits and sales as well as the deprivation of the value of its trademark as a commercial asset, in an amount according to proof.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition Against All Defendants)

78.   Plaintiff hereby repeats and re-alleges Paragraphs 1 through 27 of this Complaint as though set forth in full at this point.

79.   The conduct of Defendants as alleged herein constitutes unlawful, unfair or fraudulent business practices and unfair competition with Swift Harvest in violation of the laws of the State of California.  The acts of Defendants have resulted in the "passing off" of the Infringing Sprinkler Products as those of Swift Harvest, as somehow related or associated with, or sponsored or endorsed by Swift Harvest.

80.   On plaintiff's information and belief, Defendants have been unjustly enriched as a direct and proximate result of their actions as alleged herein, and

Swift Harvest is entitled to recover such amount that Defendants have been unjustly enriched.

81.    The wrongful conduct of Defendants as alleged herein will, unless they are enjoined and restrained by order of this Court, cause great and irreparable injury to Swift Harvest's rights as Banzai's assignee.

82.    Swift Harvest has no adequate remedy at law for the wrongful conduct of Defendants as alleged herein, in that Defendants will continue their wrongful conduct unless they are enjoined and restrained from doing so, and Swift Harvest would be forced to maintain a multiplicity of judicial proceedings to protect his lawful interests.

83.    On Plaintiff's information and belief, Defendants' conduct as alleged herein was despicable and was carried on with a willful and conscious disregard for the rights of Swift Harvest in that their conduct subjected Swift Harvest to cruel and unjust hardship in conscious disregard of its rights or otherwise causing injury to Swift Harvest.  Thus, Swift Harvest is therefore entitled to the assessment of punitive damages against Defendants in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### (For Unfair Competition Pursuant to California Business & Professions Code § 17200 et seq. Against All Defendants)

84.    Plaintiff hereby repeats and re-alleges Paragraphs 1 through 27 of this Complaint as though set forth in full at this point.

85.    The conduct of Defendants as alleged herein constitutes unlawful, unfair or fraudulent business practices and unfair competition with Swift Harvest in violation of Sections 17200 et seq. of the California Business and Professions Code.

86.    On Plaintiff's information and belief, Defendants have been unjustly enriched as a direct and proximate result of their actions as alleged herein, and Swift Harvest is entitled to recover such amount that Defendants have been

unjustly enriched.

87.    The wrongful conduct of Defendants as alleged herein will, unless they are enjoined and restrained by order of this Court, cause great and irreparable injury to Swift Harvest's rights as Banzai's assignee.

88.    Swift Harvest has no adequate remedy at law for the wrongful conduct of Defendants as alleged herein, in that Defendants will continue their wrongful conduct unless they are enjoined and restrained from doing so, and Swift Harvest would be forced to maintain a multiplicity of judicial proceedings to protect his lawful interests.

89.    Swift Harvest is entitled to equitable relief requiring that Defendants, their agents, servants and employees and all persons and entities acting in concert with them:

    a.    Be enjoined from directly or indirectly misappropriating and interfering with Swift Harvest's rights in the WW Demo Photo, Banzai Sprinkler Packaging, and "Cyclone Spin Sprinkler" trademark or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo, Banzai Sprinkler Packaging, and "Cyclone Spin Sprinkler" trademark or assist in any such activity.

    b.    Be ordered to return to Swift Harvest all originals, copies, facsimiles or duplicates of the WW Demo Photo, Banzai Sprinkler Packaging and "Cyclone Spin Sprinkler" trademark in Defendants', or each of their, possession, custody, and/or control.

## NINTH CLAIM FOR RELIEF

### (Unjust Enrichment (17 U.S.C. §501(a)))

90.    Plaintiff hereby repeats and re-alleges Paragraphs 1 through 27 of this Complaint as though set forth in full at this point.

91.    Defendants are indebted to Swift Harvest for the market advantage

they gained by the use of the Infringing Sprinkler Products and Infringing "Cyclone Spin Sprinkler" mark.  By incorporating the "Cyclone Spin Sprinkler" mark into their unauthorized sprinkler products, Defendants were able to take advantage of the goodwill and reputation earned by Swift Harvest and increase their own profits, thereby unjustly enriching themselves in amounts, on information and belief, exceeding one hundred thousand ($100,000) dollars.

92.    To date, Defendants have failed to pay Swift Harvest the amount of money which would fairly and adequately compensate it for the use of the Infringing Sprinkler Products and Infringing "Cyclone Spin Sprinkler" mark. Swift Harvest is entitled to an award of Defendants' profits from products and services sold derived from the Banzai Sprinkler Products as set forth herein and bearing the infringing "Cyclone Spin Sprinkler" mark.

93.    Further, based upon Defendants' conduct, Swift Harvest is entitled to restitution, damages, and compensation as allowed by law.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

On the First Claim of Relief:

1.    For compensatory damages, and any additional profits attributable to the infringements of Swift Harvest's copyrights, according to proof, in an amount no less than one hundred thousand ($100,000) dollars.

2.    That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be enjoined from directly or indirectly infringing Swift Harvest's copyrights in the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the

WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or assist in any such activity.

3.   That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be ordered to return to Swift Harvest all originals, copies, facsimiles, derivatives or duplicates of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging in Defendants, or each of their, possession, custody, and/or control.

4.   For a full and complete accounting by Defendants of all monies received, expenses, appraisals, valuations, profits and distributions in connection with their use of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

5.   For a judicial determination regarding parties' rights and duties with respect to Plaintiff and Defendants' ownership interests in the intellectual property rights, including copyrights, to the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

On the Second, Third, Fourth and Fifth Claims of Relief:

1.   For compensatory damages, and any additional profits attributable to the infringements of Swift Harvest's rights under the Lanham Act, according to proof, in an amount no less than one hundred thousand ($100,000) dollars.

2.   For treble damages, according to proof.

3.   That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be enjoined from directly or indirectly infringing Swift Harvest's rights under the Lanham Act in the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease,

transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or assist in any such activity.

4.     That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be ordered to return to Swift Harvest all originals, copies, facsimiles, derivatives or duplicates of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging in Defendants, or each of their, possession, custody, and/or control.

5.     For a declaration that this case is exceptional under 15 U.S.C. §1117.

6.     For attorney's fees according to proof, pursuant to 17 U.S.C. §1117(a).

7.     For a full and complete accounting by Defendants of all monies received, expenses, appraisals, valuations, profits and distributions in connection with their use of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

8.     For a judicial determination regarding parties' rights and duties with respect to Plaintiff and Defendants' ownership interests in the intellectual property rights, including rights under the Lanham Act, to the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging.

On the Sixth Claim of Relief:

1.     For such injunctive relief as is described in the Prayer for Relief on the second, third, fourth, and fifth Claims for Relief above.

2.     For the recovery of damages according to proof, but in excess of one hundred thousand ($100,000) dollars.

3.     For any other relief as the Court may deem proper.

On the Seventh Claim of Relief

    1.    For compensatory damages, and any additional profits attributable to Defendants' use of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging, according to proof, in an amount no less than one hundred thousand ($100,000) dollars.

    2.    For such amount as Defendants have been unjustly enriched as a result of their tortious conduct.

    3.    For exemplary and punitive damages according to proof.

On the Eighth Claim of Relief

    1.    For such amount as Defendants have been unjustly enriched as a result of their tortious conduct, in an amount no less than one hundred thousand ($100,000) dollars.

    2.    That Defendants, and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants be enjoined from directly or indirectly using the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or continuing to duplicate, market, offer, sell, dispose of, license, lease, transfer, display, transmit, advertise, reproduce, develop or manufacture any works derived or copied from the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler, and Banzai Sprinkler Packaging or assist in any such activity.

On the Ninth Claim of Relief

    1.    For such injunctive relief as described in the Prayer for Relief on all Claims for Relief above.

    2.    For restitution, damages, and compensation according to proof, but in excess of one hundred thousand ($100,000) dollars.

    3.    For a full accounting of all Defendants' profits derived from their

infringement of the WW Demo Photo, Wigglin' Water Sprinkler (inclusive of the WW Pieces), Cyclone Spin Sprinkler (and its corresponding mark), and Banzai Sprinkler Packaging trademarks, copyrights, and trade dress and an award to Swift Harvest of such profits.

      4.    For any other relief as the Court may deem proper.

<u>On All Causes of Action</u>:

      1.    That the Plaintiff be awarded his costs;

      2.    That the Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law; and

      3.    For such other relief as this Court deems just and proper.

DATED:  November 30, 2017      MCQUAID LAW

             By:   */s/Carrie McQuaid*
                  CARRIE A. MCQUAID
                  Attorneys for Plaintiff
                  SWIFT HARVEST LLC

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2         Pursuant to Rule 38(b), Fed.R. Civ. P., Plaintiff hereby demands trial by jury

3   as to all claims in this litigation.

4

5   DATED:  November 30, 2017          MCQUAID LAW, APLC

6

7                       By:       */s/Carrie McQuaid*
                              CARRIE A. MCQUAID

8                                 Attorneys for Plaintiff
                              SWIFT HARVEST LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28