1   TAMANY VINSON BENTZ, (SBN 258600)
    tamany.bentz@dlapiper.com
2   NICOLE ORJIAKOR, (SBN 271093)
    nicole.orjiakor@dlapiper.com
3   TYLER ANTHONY, (SBN 305652)
    tyler.anthony@dlapiper.com
4   **DLA PIPER LLP (US)**
    2000 Avenue of the Stars
5   Suite 400 North Tower
    Los Angeles, California  90067-4704
6   Tel:  310.595.3000
    Fax:  310.595.3300
7
    Attorneys for Defendant
8   DOLLAR GENERAL CORPORATION

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12  SWIFT HARVEST USA, LLC, a          CASE NO.  2:17-cv-08644-DMG-GJS
    California Limited Liability Company,
13                                      **DECLARATION OF TAMANY**
            Plaintiff,                  **VINSON BENTZ IN SUPPORT OF**
14                                      **DOLLAR GENERAL CORP.'S**
        v.                              **MOTION FOR SUMMARY**
15                                      **JUDGMENT**
    DOLLAR GENERAL
16  CORPORATION, a Tennessee
    corporation, DOES 1-10,
17
            Defendant.
18

19

20

21

22

23

24

25

26

27

28

I, Tamany J. Vinson Bentz, declare as follows:

1.      I am an attorney duly admitted to practice law in the State of California, and am  a partner at the law firm DLA Piper LLP.  I am counsel of record for Defendant Dollar General Corp.  The matters stated below are true of my own personal knowledge, and if called as a witness, I could and would competently testify to the same.

2.      This Declaration is submitted in support of Defendant Dollar General Corp.'s motion for summary judgment filed herewith.

3.      Attached hereto as Exhibit A is a true and correct copy of a document produced to me by Plaintiff Swift Harvest as part of discovery in this case.  The document has bates numbers SH000046-59.

4.      Attached hereto as Exhibit B is a true and correct copy of a document produced to me by Plaintiff Swift Harvest as part of discovery in this case.  The document has bates numbers SH000066-71.

5.      Attached hereto as Exhibit C is a true and correct copy of a document produced to me by Plaintiff Swift Harvest as part of discovery in this case.  The document has bates numbers SH000060-65.

6.      Attached hereto as Exhibit D is a true and correct copy of a documents produced to me by Plaintiff Swift Harvest as part of discovery in this case.  The document has bates numbers SH000016-18.

7.      Attached hereto as Exhibit E is a true and correct copy of a document produced to me by Plaintiff Swift Harvest as part of discovery in this case.  The document has bates numbers SH000095-96.

8.      Attached hereto as Exhibit F is a true and correct copy of a document produced to me by Plaintiff Swift Harvest as part of discovery in this case.  The document has bates numbers SH000019-20.

9.      Attached hereto as Exhibit G is a true and correct copy of a document produced to me by Plaintiff Swift Harvest as part of discovery in this case.  The

1  document has bates numbers SH000021-23.

2      10.    Attached hereto as Exhibit H is a true and correct copy of Plaintiff

3  Swift Harvest LLC's responses to Defendant's First Set of Interrogatory Requests,

4  which were served on me on August 17, 2018.

5      11.    Attached here to as Exhibit I is a true and correct copy of the Articles

6  of Organization for Aquawood LLC that I obtained from the website for the

7  Secretary of State for the State of California on September 20, 2018.

8      I declare under penalty of perjury under the laws of the United States of

9  America that the above is true and correct.

10

11     Executed on September 21, 2018, at Los Angeles, California.

12

13

14  _____
    TAMANY J. VINSON BENTZ

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ASSIGNMENT AGREEMENT

This Assignment Agreement is entered into by and between Aquawood LLC, a California Limited Liability Company ("Aquawood"), on the one hand, and Focus Brand Limited ("Focus"), a Hong Kong company, on the other hand.

### RECITALS

A.     Aquawood is the exclusive owner of the children's water sprinkler toy, the "Wigglin' Water Sprinkler," hereinafter referred to as the "Wigglin' Water Sprinkler," and all proprietary and intellectual property rights therein.  The Wigglin' Water Sprinkler is depicted in the photographs attached as Exhibit A.

B.     Aquawood is the exclusive owner of the children's water sprinkler toy, the "Cyclone Spin Sprinkler," hereinafter referred to as the "Cyclone Spin Sprinkler," and all proprietary and intellectual property rights therein.   The Cyclone Spin Sprinkler is depicted in the photographs attached as Exhibit B.

C.     Aquawood is the exclusive owner of the photograph attached as Exhibit C, hereinafter referred to as the "WW Demo Photo," and all proprietary and intellectual property rights therein.

D.     Aquawood is the exclusive owner of the photograph attached as Exhibit D, hereinafter referred to as the "Wigglin' Water Sprinkler Packaging," and all proprietary and intellectual property rights therein.

E.     Aquawood is the exclusive owner of the photograph attached as Exhibit E, hereinafter referred to as the "Cyclone Spin Sprinkler Packaging," and all proprietary and intellectual property rights therein.

SH000046

EXHIBIT A - 4

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing and the terms and material representations set forth herein, the Parties agree as follows:

1.   **Assignment**.   Aquawood hereby assigns to Focus any and all of Aquawood's ownership, rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.  Aquawood also assigns to Focus any and all ownership, rights, title and interest in and to any claims and causes of action, accrued or unaccrued, relating to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.   Pursuant to this assignment, Focus may sue any other appropriate persons or entities in its own name.  Further, Aquawood hereby grants to Focus the right to itself assign all of the rights assigned under this Assignment Agreement.

2.   **Attorney's Fees and Costs**.  Focus shall advance all fees and costs incurred in prosecuting the assigned claims.

3.   **Authority to Settle**.  Focus shall have sole authority and discretion to direct the litigation of the assigned claims, including dismissal, settlement or pursuit through trial.

4.   **Cooperation**.  Aquawood agrees to cooperate with Focus in connection with the prosecution of any of the claims assigned in accordance with this Agreement, and to execute any further documents necessary to carry out the terms of this

SH000047

EXHIBIT A - 5

Agreement or in connection with any of the claims assigned in accordance with this Agreement.  This cooperation shall include providing all relevant documents and making witnesses available for preparation and for testimony.

5.     **Representations and Warranties**.

(a)     Each person executing this Agreement warrants that he or she has, from the Party or Parties on whose behalf the person is executing this Agreement, the authority to so execute.

(b)     Each Party has carefully read and reviewed this Agreement and understands it fully, and each Party specifically does not rely upon any statement, representation, legal opinion, accounting opinion or promise of any other Party or any person representing such other Party, in executing this Agreement or in making the settlement provided for herein, except as expressly stated in this Agreement.

(c)     Each Party has made all necessary investigations of the law and facts pertaining to this Agreement and of all matters pertaining thereto.  Each Party has been represented by competent counsel of its own choosing, which counsel has provided such Party any and all advice on this Agreement as such counsel and such Party deems necessary or appropriate.  This Agreement has been carefully read by, the contents hereof are known and understood by, and it is signed freely by each Party executing this Agreement.

(d)     This Agreement is the result of extensive, arms' length negotiation between the Parties.

Page **3** of **6**

SH000048

EXHIBIT A - 6

(e) Each Party represents and warrants that it has not assigned to any third party any actual or potential claim or any portion of any actual or potential claim against any other Party assigned pursuant to this Agreement.

6. **Integration**. This Agreement is a single integrated, written contract expressing the Parties' entire agreement relative to the subject matter hereof. No recitals, covenants, agreements, representations or warranties of any kind whatsoever have been made or have been relied upon by any Party hereto, except as specifically set forth in this Agreement. All prior discussions and negotiations have been or are merged and integrated into, and are superseded by, this Agreement.

7. **Successors and Assigns**. This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and all of their successors, predecessors, heirs and assigns.

8. **Notices**. Subject to the right of each Party to change this notice designation by written notice to the other, all notices under this Agreement must be sent via overnight or hand delivery as follows:

| To Aquawood: | To Focus: |
|---|---|
| Brian Dubinsky<br>AQUAWOOD LLC<br>2229 Barry Avenue<br>Los Angeles, California<br>90064 | Gary Wan<br>FOCUS BRAND LIMITED<br>Block B, 18/F Fok Ying Building<br>379-381 Kings Road<br>Hong Kong |

9. **Construction of Agreement**. This Agreement will be construed as a whole according to its fair meaning, and as if drafted equally by all Parties. The language of this Agreement will not be construed for or against any Party. No provision

Page **4** of **6**

of this Agreement will be construed against any Party by virtue of the activities of that Party or the Party's attorneys.  The headings used in this Agreement are for reference only and do not affect the construction of the Agreement.

10.   **Severability**.  The Parties hereto covenant and agree that in the event that any provision of this Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal or unenforceable in any respect, the remaining portions thereof and provisions hereof will nevertheless remain in full force and effect as if such void, voidable, illegal or unenforceable provision had never been contained in this Agreement.

11.   **Waiver**.  No breach of any provision hereof can be waived unless in writing.  Waiver of any one breach of any provision hereof will not be deemed to be a waiver of any other breach of the Agreement.

12.   **Governing Law**.  This Agreement will be construed in accordance with, and governed by, the laws of California, and the venue for enforcement of this Agreement will be the Superior Court of California, County of Los Angeles.

13.   **Execution in Counterparts**.  This Agreement may be executed and delivered in two or more counterparts, each of which, including but not limited to pages transmitted by facsimile or e-mail, when so executed and delivered, will be deemed to be an original.  Because time is of the essence, the Parties agree to accept and exchange by facsimile or e-mail the signature pages of this Agreement with the originals to follow.  This Agreement will be deemed effective upon the exchange of such fax or e-mail signature pages.

SH000050

EXHIBIT A - 8

IN WITNESS WHEREOF, the Parties hereto each have executed this Agreement.

Aquawood LLC

Focus Brand Limited

By:  Brian Dubinsky

By:  Mei Yu

Its:

Its:

SH000051

EXHIBIT A - 9







EXHIBIT A








SH000052

EXHIBIT A - 10



EXHIBIT  B

SH00053



SH000054

EXHIBIT A - 12












SH000055

EXHIBIT A - 13



EXHIBIT C

SH000056

EXHIBIT A - 14



EXHIBIT D

SH000057



EXHIBIT E

SH000058



SH000059

# EXHIBIT B

## ASSIGNMENT AGREEMENT

This Assignment Agreement is entered into as of June 26, 2017 by and between Focus Brand Limited ("Focus"), a Hong Kong company, on the one hand, and Banzai International Limited ("Banzai"), a Hong Kong company, on the other hand.

### RECITALS

A.      Focus is the exclusive owner of the children's water sprinkler toy, the "Wigglin' Water Sprinkler," hereinafter referred to as the "Wigglin' Water Sprinkler," and all proprietary and intellectual property rights therein.  The Wigglin' Water Sprinkler is depicted in the photographs attached as Exhibit A.

B.      Focus is the exclusive owner of the children's water sprinkler toy, the "Cyclone Spin Sprinkler," hereinafter referred to as the "Cyclone Spin Sprinkler," and all proprietary and intellectual property rights therein.  The Cyclone Spin Sprinkler is depicted in the photographs attached as Exhibit B.

C.      Focus is the exclusive owner of the photograph attached as Exhibit C, hereinafter referred to as the "WW Demo Photo," and all proprietary and intellectual property rights therein.

D.      Focus is the exclusive owner of the photograph attached as Exhibit D, hereinafter referred to as the "Wigglin' Water Sprinkler Packaging," and all proprietary and intellectual property rights therein.

E.      Focus is the exclusive owner of the photograph attached as Exhibit E, hereinafter referred to as the "Cyclone Spin Sprinkler Packaging," and all proprietary and intellectual property rights therein.

Page **1** of **6**

SH000066

EXHIBIT B - 18

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing and the terms and material representations set forth herein, the Parties agree as follows:

1.  **Assignment**.  Focus hereby assigns to Banzai any and all of Focus's ownership, rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.  Focus also assigns to Banzai any and all ownership, rights, title and interest in and to any claims and causes of action, accrued or unaccrued, relating to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging, including claims against Dollar General Corporation and any other appropriate persons or entities.  Pursuant to this assignment, Banzai may sue Dollar General Corporation and any other appropriate persons or entities in its own name. Further, Focus hereby grants to Banzai the right to itself assign all of rights assigned under this Assignment Agreement.

2.  **Attorney's Fees and Costs**.  Banzai shall advance all fees and costs incurred in prosecuting the assigned claims.

3.  **Authority to Settle**.  Banzai shall have sole authority and discretion to direct the litigation of the assigned claims, including dismissal, settlement or pursuit through trial.

4.  **Cooperation**.  Focus agrees to cooperate with Banzai in connection with the prosecution of any of the claims assigned in accordance with this Agreement, and to

Page **2** of 6

SH000067

execute any further documents necessary to carry out the terms of this Agreement or in connection with any of the claims assigned in accordance with this Agreement. This cooperation shall include providing all relevant documents and making witnesses available for preparation and for testimony.

   5.    <u>Representations and Warranties</u>.

        (a)    Each person executing this Agreement warrants that he or she has, from the Party or Parties on whose behalf the person is executing this Agreement, the authority to so execute.

        (b)    Each Party has carefully read and reviewed this Agreement and understands it fully, and each Party specifically does not rely upon any statement, representation, legal opinion, accounting opinion or promise of any other Party or any person representing such other Party, in executing this Agreement or in making the settlement provided for herein, except as expressly stated in this Agreement.

        (c)    Each Party has made all necessary investigations of the law and facts pertaining to this Agreement and of all matters pertaining thereto. Each Party has been represented by competent counsel of its own choosing, which counsel has provided such Party any and all advice on this Agreement as such counsel and such Party deems necessary or appropriate. This Agreement has been carefully read by, the contents hereof are known and understood by, and it is signed freely by each Party executing this Agreement.

        (d)    This Agreement is the result of extensive, arms' length negotiation between the Parties.

SH000068

EXHIBIT B - 20

(e)     Each Party represents and warrants that it has not assigned to any third party any actual or potential claim or any portion of any actual or potential claim against any other Party assigned pursuant to this Agreement.

6.     **Integration**.   This Agreement is a single integrated, written contract expressing the Parties' entire agreement relative to the subject matter hereof.   No recitals, covenants, agreements, representations or warranties of any kind whatsoever have been made or have been relied upon by any Party hereto, except as specifically set forth in this Agreement.   All prior discussions and negotiations have been or are merged and integrated into, and are superseded by, this Agreement.

7.     **Successors and Assigns**.   This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and all of their successors, predecessors, heirs and assigns.

8.     **Notices**.   Subject to the right of each Party to change this notice designation by written notice to the other, all notices under this Agreement must be sent via overnight or hand delivery as follows:

| To Focus: | To Banzai: |
|---|---|
| Carlos Eaklama<br>FOCUS BRAND LIMITED<br>Block B, 18/F Fok Ying Building<br>379-381 Kings Road<br>Hong Kong | Denny Cheng<br>Banzai International Limited<br>Room 903, 9/F Dannies House<br>20 Luard Road<br>Wanchai, Hong Kong |

9.     **Construction of Agreement**.   This Agreement will be construed as a whole according to its fair meaning, and as if drafted equally by all Parties.   The language of this Agreement will not be construed for or against any Party.   No provision of this Agreement will be construed against any Party by virtue of the activities of that

Page **4** of 6

SH000069

EXHIBIT B - 21

Party or the Party's attorneys.  The headings used in this Agreement are for reference only and do not affect the construction of the Agreement.

10.    **Severability**.  The Parties hereto covenant and agree that in the event that any provision of this Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal or unenforceable in any respect, the remaining portions thereof and provisions hereof will nevertheless remain in full force and effect as if such void, voidable, illegal or unenforceable provision had never been contained in this Agreement.

11.    **Waiver**.  No breach of any provision hereof can be waived unless in writing.  Waiver of any one breach of any provision hereof will not be deemed to be a waiver of any other breach of the Agreement.

12.    **Governing Law**.  This Agreement will be construed in accordance with, and governed by, the laws of California, and the venue for enforcement of this Agreement will be the Superior Court of California, County of Los Angeles.

13.    **Execution in Counterparts**.  This Agreement may be executed and delivered in two or more counterparts, each of which, including but not limited to pages transmitted by facsimile or e-mail, when so executed and delivered, will be deemed to be an original.  Because time is of the essence, the Parties agree to accept and exchange by facsimile or e-mail the signature pages of this Agreement with the originals to follow.  This Agreement will be deemed effective upon the exchange of such fax or e-mail signature pages.

SH000070

EXHIBIT B - 22

IN WITNESS WHEREOF, the Parties hereto each have executed this Agreement, effective as of the date set forth above.

Focus Brand Limited                    Banzai International Limited

Dated:_____         Dated:_____

By:_____          By:_____

Its:_____         Its:_____

SH000071

EXHIBIT B - 23

# EXHIBIT C

## ASSIGNMENT AGREEMENT

This Assignment Agreement is entered into as of _____, 2017 by and between Banzai International Limited ("Banzai"), a Hong Kong company, on the one hand, and Swift Harvest USA, LLC ("Swift Harvest"), a California limited liability company, on the other hand.

## RECITALS

A.     Banzai is the assignee of the children's water sprinkler toy, the "Wigglin' Water Sprinkler," hereinafter referred to as the "Wigglin' Water Sprinkler," and all proprietary and intellectual property rights therein.   The Wigglin' Water Sprinkler is depicted in the photographs attached as Exhibit A.

B.     Banzai is the assignee of the children's water sprinkler toy, the "Cyclone Spin Sprinkler," hereinafter referred to as the "Cyclone Spin Sprinkler," and all proprietary and intellectual property rights therein.   The Cyclone Spin Sprinkler is depicted in the photographs attached as Exhibit B.

C.     Banzai is the assignee of the photograph attached as Exhibit C, hereinafter referred to as the "WW Demo Photo," and all proprietary and intellectual property rights therein.

D.     Banzai is the assignee of the photograph attached as Exhibit D, hereinafter referred to as the "Wigglin' Water Sprinkler Packaging," and all proprietary and intellectual property rights therein.

E.     Banzai is the assignee of the photograph attached as Exhibit E, hereinafter referred to as the "Cyclone Spin Sprinkler Packaging," and all proprietary and intellectual property rights therein.

Page 1 of 6

SH000060

EXHIBIT C - 24

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing and the terms and material representations set forth herein, the Parties agree as follows:

1.    **Assignment**.  Banzai hereby assigns to Swift Harvest any and all of Banzai's ownership, rights, title and interest, including intellectual property rights under United States law and goodwill associated therewith, in and to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.  Banzai also assigns to Swift Harvest any and all ownership, rights, title and interest in and to any claims and causes of action, accrued or unaccrued, relating to the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging, including claims against Dollar General Corporation and any other appropriate persons or entities.  Pursuant to this assignment, Swift Harvest may sue Dollar General Corporation and any other appropriate persons or entities in its own name.

2.    **License**.  Swift Harvest grants to Banzai and its parent, subsidiaries, affiliates, successors, and/or assigns a perpetual license to use, duplicate, market, offer, sell, display, advertise, reproduce, develop or manufacture any works derived or copied from the Wigglin' Water Sprinkler, Cyclone Spin Sprinkler, WW Demo Photo, Wigglin' Water Sprinkler Packaging, and Cyclone Spin Sprinkler Packaging.

3.    **Attorney's Fees and Costs**.  Swift Harvest shall advance all fees and costs incurred in prosecuting the assigned claims.

Page **2** of **6**

SH000061

EXHIBIT C - 25

4.    **Authority to Settle**.  Swift Harvest shall have sole authority and discretion to direct the litigation of the assigned claims, including dismissal, settlement or pursuit through trial.

5.    **Cooperation**.   Banzai agrees to cooperate with Swift Harvest in connection with the prosecution of any of the claims assigned in accordance with this Agreement, and to execute any further documents necessary to carry out the terms of this Agreement or in connection with any of the claims assigned in accordance with this Agreement.  This cooperation shall include providing all relevant documents and making witnesses available for preparation and for testimony.

6.    **Representations and Warranties**.

(a)    Each person executing this Agreement warrants that he or she has, from the Party or Parties on whose behalf the person is executing this Agreement, the authority to so execute.

(b)    Each Party has carefully read and reviewed this Agreement and understands it fully, and each Party specifically does not rely upon any statement, representation, legal opinion, accounting opinion or promise of any other Party or any person representing such other Party, in executing this Agreement or in making the settlement provided for herein, except as expressly stated in this Agreement.

(c)    Each Party has made all necessary investigations of the law and facts pertaining to this Agreement and of all matters pertaining thereto.  Each Party has been represented by competent counsel of its own choosing, which counsel has provided such Party any and all advice on this Agreement as such counsel and such Party deems necessary or appropriate.  This Agreement has been carefully read by, the

Page **3** of **6**

SH000062

EXHIBIT C - 26

contents hereof are known and understood by, and it is signed freely by each Party executing this Agreement.

(d)     This Agreement is the result of extensive, arms' length negotiation between the Parties.

(e)     Each Party represents and warrants that it has not assigned to any third party any actual or potential claim or any portion of any actual or potential claim against any other Party assigned pursuant to this Agreement.

7.     **Integration**.   This Agreement is a single integrated, written contract expressing the Parties' entire agreement relative to the subject matter hereof.   No recitals, covenants, agreements, representations or warranties of any kind whatsoever have been made or have been relied upon by any Party hereto, except as specifically set forth in this Agreement.   All prior discussions and negotiations have been or are merged and integrated into, and are superseded by, this Agreement.

8.     **Successors and Assigns**.   This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and all of their successors, predecessors, heirs and assigns.

9.     **Notices**.   Subject to the right of each Party to change this notice designation by written notice to the other, all notices under this Agreement must be sent via overnight or hand delivery as follows:

| To Banzai: | To Swift Harvest: |
|---|---|
| Denny Cheng<br>Banzai International Limited<br>Room 903, 9/F Dannies House<br>20 Luard Road<br>Wanchai, Hong Kong | Gary Wan<br>Swift Harvest USA, LLC<br>2228 Barry Avenue<br>Los Angeles, CA 90064 |

SH000063

EXHIBIT C - 27

10.   **Construction of Agreement**.   This Agreement will be construed as a whole according to its fair meaning, and as if drafted equally by all Parties.   The language of this Agreement will not be construed for or against any Party.  No provision of this Agreement will be construed against any Party by virtue of the activities of that Party or the Party's attorneys.  The headings used in this Agreement are for reference only and do not affect the construction of the Agreement.

11.   **Severability**.   The Parties hereto covenant and agree that in the event that any provision of this Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal or unenforceable in any respect, the remaining portions thereof and provisions hereof will nevertheless remain in full force and effect as if such void, voidable, illegal or unenforceable provision had never been contained in this Agreement.

12.   **Waiver**.   No breach of any provision hereof can be waived unless in writing.  Waiver of any one breach of any provision hereof will not be deemed to be a waiver of any other breach of the Agreement.

13.   **Governing Law**.  This Agreement will be construed in accordance with, and governed by, the laws of California, and the venue for enforcement of this Agreement will be the Superior Court of California, County of Los Angeles.

14.   **Execution in Counterparts**.   This Agreement may be executed and delivered in two or more counterparts, each of which, including but not limited to pages transmitted by facsimile or e-mail, when so executed and delivered, will be deemed to be an original.   Because time is of the essence, the Parties agree to accept and exchange by facsimile or e-mail the signature pages of this Agreement with the originals

SH000064

EXHIBIT C - 28

to follow.  This Agreement will be deemed effective upon the exchange of such fax or e-mail signature pages.

IN WITNESS WHEREOF, the Parties hereto each have executed this Agreement, effective as of the date set forth above.


Banzai International Limited          Swift Harvest USA, LLC

Dated:                                Dated:          07/25/2017

By:                                   By:    Frankie Tang

Its:                                  Its:      Authorized Signator


Page **6** of **6**

SH000065

EXHIBIT C - 29

# EXHIBIT D

Registration #:   *-APPLICATION-*
Service Request #:   1-5403846079

## Mail Certificate

Carlos Ealdama
2229 Barry Ave
Los Angeles, CA 90064 United States

Priority:   Routine        Application Date:   June 15, 2017

## Correspondent

Name:   Carlos Ealdama
Email:   accounts@epic-studios.com
Telephone:   (310)231-7292
Address:   2229 Barry Ave
Los Angeles, CA 90064 United States

SH000016

EXHIBIT D - 30

Registration Number

# *-APPLICATION-*

## Title _____

|  |  |
|---|---|
| **Title of Work:** | Banzai Wigglin' Water Sprinkler |
| **Previous or Alternate Title:** | Wigglin' Water Sprinkler |
|  | Wiggling Water Sprinkler |

## Completion/Publication _____

|  |  |
|---|---|
| **Year of Completion:** | 2003 |
| **Date of 1st Publication:** | September 01, 2003 |
| **Nation of 1st Publication:** | United States |

## Author _____

|  |  |
|---|---|
| • **Author:** | Aquawood LLC |
| **Author Created:** | photograph, 2-D artwork, sculpture, technical drawing |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

## Copyright Claimant _____

|  |  |
|---|---|
| **Copyright Claimant:** | Focus Brand Limited |
|  | Block B, 18/F Fok Ying Building, 379-381 Kings Road, Hong Kong, Hong Kong |

## Rights and Permissions _____

|  |  |
|---|---|
| **Name:** | Carlos Ealdama |
| **Email:** | accounts@epic-studios.com |
| **Telephone:** | (310)231-7292 |

## Certification _____

|  |  |
|---|---|
| **Name:** | Carlos Ealdama |
| **Date:** | June 15, 2017 |

Page 1 of 2

EXHIBIT D - 31

# EXHIBIT E



**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

March 12, 2018

Carlos Ealdama
2229 Barry Ave
Los Angeles, CA 90064
United States

Correspondence ID:   1-2XFSWX1

RE:   Banzai Wigglin' Water Sprinkler

Dear Carlos Ealdama:

We cannot issue a copyright registration for your work because it is a useful article that does not contain any copyrightable authorship needed to sustain a claim to copyright.

The Copyright law protects pictorial, graphic, or sculptural works. 17 U.S.C. 102(a)(5). Eligible works of art include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects. In addition, the design of a useful article is considered a pictorial, graphic, or sculptural work "only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." The copyright statute defines "useful article" as "…an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. Any article that is normally a part of a useful article is considered a useful article," 17 U.S.C. 101.

We examined your work, concluded that it is a useful article, and determined that it does not contain any non-useful design element that could be copyrighted and registered. Consequently, we cannot register your copyright claim.

Compendium III of Copyright Office Practices, Chapter 900 (2014), states that physical separability means that the useful article contains pictorial, graphical, or sculptural features that can be physically separated from the article by ordinary means while leaving the utilitarian aspects of the article completely intact. For example, a sufficiently creative decorative hood ornament on an automobile.

The Compendium further states that conceptual separability means that the pictorial, graphic, or sculptural features, while physically inseparable by ordinary means from the utilitarian item, are nevertheless clearly recognizable as a pictorial, graphic, or sculptural work which can be visualized on paper, for example, or as a free-standing sculpture, as another example, independent of the shape of the article, i.e., the artistic features can be imagined separately and independently from the useful article without destroying the basic shape of the useful article. Examples include the carving on the back of a chair or pictorial matter engraved on a glass vase. The test of conceptual separability, however, is not

SH000095

Carlos Ealdama                                 - 2 -                                 1-2XFSWX1

met by merely analogizing the general shape of a useful article to works of modern sculpture, since, in
such a case, the alleged "artistic features" and the useful article cannot be perceived as having separate,
independent existences.  Further, where certain features are non-functional or could have been designed
differently, if those features are an integral part of the overall shape or contour of the useful article, no
registration is possible.
o
        Because all of the elements of the work you deposited are either related to the utilitarian aspects
or function, or are subsumed within the overall shape, contour, or configuration of the article, there is no
physically or conceptually "separable" authrship as such.  Consequently, we cannot register this claim.
The nonrefundable filing fee has been applied to administrative costs.

        The design for a useful article may be entitled to protection under federal patent law.  For
information about patent protection visit their website at www.uspto.gov .

Registration Specialist Gillaspie
Visual Arts Division
U.S. Copyright Office

Enclosures:
 Reply Sheet

SH000096

# EXHIBIT F

.

**Registration #:** *-APPLICATION-*
**Service Request #:** 1-5403846198

## Mail Certificate

Carlos Ealdama
2229 Barry Ave
Los Angeles, AZ 90064 United States

**Priority:** Routine          **Application Date:** June 15, 2017

## Correspondent

**Name:** Carlos Ealdama
**Email:** accounts@epic-studios.com
**Telephone:** (310)231-7292
**Address:** 2229 Barry Ave
Los Angeles, CA 90064 United States

SH000019

EXHIBIT F - 35

Registration Number

# *-APPLICATION-*

## Title _____

| | |
|---|---|
| **Title of Work:** | Banzai Cyclone Spin Sprinkler |
| **Previous or Alternate Title:** | Cyclone Spin Sprinkler |

## Completion/Publication _____

| | |
|---|---|
| **Year of Completion:** | 2011 |
| **Date of 1st Publication:** | September 01, 2011 |
| **Nation of 1st Publication:** | United States |

## Author _____

| | |
|---|---|
| **Author:** | Aquawood LLC |
| **Author Created:** | photograph, 2-D artwork, sculpture, technical drawing |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

## Copyright Claimant _____

| | |
|---|---|
| **Copyright Claimant:** | Focus Brand Limited |
| | Block B, 18/F Fok Ying Building, 379-381 Kings Road, Hong Kong, Hong Kong |

## Rights and Permissions _____

| | |
|---|---|
| **Name:** | Carlos Ealdama |
| **Email:** | accounts@epic-studios.com |
| **Telephone:** | (310)231-7292 |

## Certification _____

| | |
|---|---|
| **Name:** | Carlos Ealdama |
| **Date:** | June 15, 2017 |

Page 1 of 1

SH000020

EXHIBIT F - 36

# EXHIBIT G

| | |
|---|---|
| **Registration #:** | *-APPLICATION-* |
| **Service Request #:** | 1-6800589561 |

## Mail Certificate

Reuben Raucher & Blum
Stephen L. Raucher
12400 Wilshire Boulevard
Suite 800
Los Angeles, CA 90025 United States

**Priority:** Routine          **Application Date:** July 25, 2018

## Correspondent

|  |  |
|---|---|
| **Organization Name:** | Reuben Raucher & Blum |
| **Name:** | Stephen L. Raucher |
| **Email:** | sraucher@rrbattorneys.com |
| **Telephone:** | (310)777-1990 |
| **Fax:** | (310)777-1989 |
| **Address:** | 12400 Wilshire Boulevaard |
| | Suite 800 |
| | Los Angeles, CA 90025 United States |

SH000021

EXHIBIT G - 37

Registration Number

# *-APPLICATION-*

## Title

| | |
|---|---|
| **Title of Work:** | Wigglin' Water Sprinkler Demo Photograph |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2003 |
| **Date of 1st Publication:** | September 01, 2003 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Aquawood LLC |
| **Author Created:** | photograph |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Anonymous:** | Yes |
| **Pseudonymous:** | Yes |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Focus Brand Limited |
| | Block B, 18/F Fok Ying Building, 379-381 Kings Road, Hong Kong |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Reuben Raucher & Blum |
| **Name:** | Stephen L. Raucher |
| **Email:** | sraucher@rrbattorneys.com |
| **Telephone:** | (310)777-1990 |
| **Address:** | 12400 Wilshire Boulevard |
| | Suite 800 |
| | Los Angeles, CA 91325 United States |

## Certification

Page 1 of 2

SH000022

EXHIBIT G - 38

**Name:**   Hana Kim
**Date:**   July 25, 2018

SH000023

EXHIBIT G - 39

# EXHIBIT H

Carrie A. McQuaid, SBN 254066
cmcquaidlaw@gmail.com
MCQUAID LAW, APLC
18770 Pasadero Dr.
Tarzana, CA 91356
Telephone: 818-650-0514
Facsimile: 267-363-8649
Attorneys for Plaintiff
SWIFT HARVEST USA, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIFT HARVEST USA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR GENERAL CORPORATION, a Tennessee corporation, DOES 1-10,<br><br>Defendant. | CASE NO. 2:1 7-cv-08644-DMG-GJS<br><br>**PLAINTIFF SWIFT HARVEST USA, LLC'S RESPONSE TO DEFENDANT DOLLAR GENERAL CORPORATION'S INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:         Plaintiff Swift Harvest USA, LLC

RESPONDING PARTY:          Defendant Dollar General Corporation

SET NUMBER:                One

Plaintiff Swift Harvest USA, LLC, hereby responds to Defendant Dollar General Corporation's first set of Interrogatories as follows:

## INTERROGATORIES AND RESPONSES

## INTERROGATORY NO. 1

Identify all toys that have been designed by YOU or YOUR employees.

## RESPONSE TO INTERROGATORY NO. 1

Objection: overly broad, vague and ambiguous as to scope and time, with no time limitations provided. The interrogatory as phrased is unduly burdensome and

expensive, and the breadth of the request outweighs the likely benefit in there are only two products at issue in this litigation. Furthermore, the request exceeds the scope of permissible discovery set out in FRCP 26(b)(1) in that, as phrased, the request seeks information that is irrelevant to the subject matter of the action and is not calculated to lead to the discovery of admissible evidence in that there are only two products at issue in this litigation.  Without waiving these objections, and limiting the response to the toys at issue in this litigation, Swift Harvest was assigned the rights in the water sprinkler toys Banzai Wigglin' Water Sprinkler and Banzai Cyclone Spin Sprinkler, it did not design these products.

**INTERROGATORY NO. 2**

Identify all toys that have been marketed by YOU.

**RESPONSE TO INTERROGATORY NO. 2**

Objection: overly broad, vague and ambiguous as to scope and time, with no time limitations provided. The interrogatory as phrased is unduly burdensome and expensive, and the breadth of the request outweighs the likely benefit in there are only two products at issue in this litigation. Furthermore, the request exceeds the scope of permissible discovery set out in FRCP 26(b)(1) in that, as phrased, the request seeks information that is irrelevant to the subject matter of the action and is not calculated to lead to the discovery of admissible evidence in that there are only two products at issue in this litigation.  Without waiving these objections, and limiting the response to the toys at issue in this litigation, Swift Harvest was assigned the rights in the water sprinkler toys Banzai Wigglin' Water Sprinkler and Banzai Cyclone Spin Sprinkler, it did not market these products.

**INTERROGATORY NO. 3**

Identify all uses of the WW DEMO PHOTO and who used the photograph.

///

///

**RESPONSE TO INTERROGATORY NO. 3**

Objection: request is overly broad, vague and ambiguous as to "all uses" and "who used the photograph" as to be unintelligible. Further, request calls for speculation and cannot be responded to as drafted. Without waiving these objections, and in good faith interpretation of the request limited to the parties to this action, Dollar General used the WW Demo Photo on its "Twisty Water Sprinklers" packaging and marketing, Swift Harvest's assignor Banzai used the WW Demo Photo on the Wigglin' Water Sprinkler packaging and marketing, as did Toy Quest Limited under license from Banzai's assignor, Focus.

**INTERROGATORY NO. 4**

Identify where you got the WW DEMO PHOTO from, including the identity of the person who took the photograph and what their relationship is with YOU, FOCUS or BANZAI.

**RESPONSE TO INTERROGATORY NO. 4**

Objection: vague and ambiguous as to "where you got the WW Demo Photo from." Without waiving these objections, the WW Demo Photo was created by Aquawood LLC and the rights to it were assigned to Focus, which subsequently assigned the rights to Banzai, who assigned the rights to plaintiff.

**INTERROGATORY NO. 5**

Identify whether the Wigglin' Water Sprinkler was sold by MANLEY, FOCUS, BANZAI, and/or YOU, and for each company identify the date of first sale by that company.

**RESPONSE TO INTERROGATORY NO. 5**

Objection: request is impermissibly compound. Request is overly broad, vague and ambiguous as to scope and time, with no time limitations provided. The interrogatory as phrased is unduly burdensome and expensive, and the breadth of the request outweighs the likely benefit in there are only two products at issue in this litigation. Furthermore, the request exceeds the scope of permissible discovery

1   set out in FRCP 26(b)(1) in that, as phrased, the request seeks information that is

2   irrelevant to the subject matter of the action and is not calculated to lead to the

3   discovery of admissible evidence.  Without waiving these objections, and limiting

4   it to the parties to the action, Swift Harvest did not sell the product.

5   **INTERROGATORY NO. 6**

6       Identify whether the Cyclone Spin Water Sprinkler was sold by

7   MANLEY, FOCUS, BANZAI, and/or YOU, and for each company identify

8   the date of first sale by that company.

9   **RESPONSE TO INTERROGATORY NO. 6**

10       Objection: request is impermissibly compound.  Request is overly broad,

11   vague and ambiguous as to scope and time, with no time limitations provided. The

12   interrogatory as phrased is unduly burdensome and expensive, and the breadth of

13   the request outweighs the likely benefit in there are only two products at issue in

14   this litigation. Furthermore, the request exceeds the scope of permissible discovery

15   set out in FRCP 26(b)(1) in that, as phrased, the request seeks information that is

16   irrelevant to the subject matter of the action and is not calculated to lead to the

17   discovery of admissible evidence. Without waiving these objections, and limiting it

18   to the parties to the action, Swift Harvest did not sell the product.

19   **INTERROGATORY NO. 7**

20       Identify all facts to support YOUR contention that DOLLAR GENERAL

21   had actual notice of YOUR rights in the SWIFT HARVEST TOYS.

22   **RESPONSE TO INTERROGATORY NO. 7**

23       Objection: request is impermissibly compound.  Without waiving these

24   objections, Swift Harvest was assigned the rights in the water sprinkler toys Banzai

25   Wigglin' Water Sprinkler and Banzai Cyclone Spin Sprinkler.  Dollar General was

26   presented with Banzai Wigglin' Water Sprinkler and Banzai Cyclone Spin

27   Sprinkler by Toy Quest Limited, Toy Quest Limited further offered these products

28

1  for sale to Dollar General as new products to include in their in-store and online
2  children's toy offerings.

3  **INTERROGATORY NO. 8**

4      Identify all facts to support YOUR contention that DOLLAR GENERAL
5  sold any product referred to as "Cyclone Spin Sprinkler".

6  **RESPONSE TO INTERROGATORY NO. 8**

7      Objection: request is overly broad as to time and scope.  Without waiving
8  these objections, Swift Harvest responds pursuant to Federal Rule of Civil
9  Procedure 33(d) directing Defendant to exhibit H to the operative Complaint in this
10  matter and documents Defendant has produced in response to Defendant's First Set
11  of Requests for Production.

12  **INTERROGATORY NO. 9**

13      Identify all elements of the packaging for the SWIFT HARVEST TOYS
14  that YOU contend are YOUR trade dress and for each element state what
15  evidence YOU have that the element is inherently distinctive and/or non-
16  functional.

17  **RESPONSE TO INTERROGATORY NO. 9**

18      Objection: request is impermissibly compound. Swift Harvest and/or its
19  assignors have continuously used the Banzai Sprinkler Packaging in interstate
20  commerce to identify its sprinkler toys and other water toy products, including the
21  Wigglin' Water Sprinkler and Cyclone Spin Sprinkler, and to distinguish those
22  products from others by prominently displaying the Banzai Sprinkler Packaging in
23  advertising, promotional literature and other display materials.  Through such use
24  and association, the Banzai Sprinkler Packaging has acquired a strong consumer
25  awareness and secondary meaning.  The Banzai Sprinkler Packaging is also
26  inherently distinctive and non-functional.

27      The Wigglin' Water Sprinkler is a children's water sprinkler toy consisting
28  of a twelve (12) foot long brightly-colored hose (orange or yellow in most

5

instances) (hereinafter the "WW Hose") with fifteen (15) sprinkler arms of varying colors (hereinafter the "WW Arms").  The product likewise includes three (3) brightly-colored cylindrical pods (orange or blue in most instances) to stabilize the hose (hereinafter the "WW Pods") (the WW Hose, WW Arms, and WW Pods referred to collectively hereinafter as the "WW Pieces").  When connected to a running garden hose, the Wigglin' Water Sprinkler "comes to life" and "dances" as water sprays out from the ends of the toy's arms.  The Wigglin' Water Sprinkler Packaging (hereinafter the "WWS Packaging") consists of a circular, clear plastic container, in which the product is coiled similar to a garden hose.  The WW Demo photo and variations thereof featuring the Wigglin' Water Sprinkler are displayed on a rectangular banner wrapped around the middle of the WWS Packaging.  The WWS Packaging banner prominently features orange and blue colors.

The Cyclone Spin Sprinkler is a children's water sprinkler that operates in a similar fashion to the Wigglin' Water Sprinkler.  The Cyclone Spin Sprinkler consists of three brightly-colored, star-shaped rings (one inside the other).  The CS Rings are held up by a dual-colored base/stem, consisting of blue paint imitative of water splash, complemented by a bright fill surrounding the splash.  The Cyclone Spin Sprinkler spins and sprays water from small holes within each ring in a swirling, random fashion when connected to a running garden hose.  The Cyclone Spin Sprinkler Packaging (hereinafter the "CSS Packaging") consists of an upright rectangular box featuring an orange and blue color pattern.  At the base of the CSS Packaging is an open shelf where the water sprinkler toy sits and is in open view to the consumer.  The words "Cyclone Spin Sprinkler" are prominently featured on all sides of the CSS Packaging.

**INTERROGATORY NO. 10**

Identify all facts that support YOUR contention that the SWIFT HARVEST TOYS and/or their packaging have acquired secondary meaning.

**RESPONSE TO INTERROGATORY NO. 10**

1    Objection: request is impermissibly compound.   Without waiving this
2    objection, Swift Harvest and/or its assignors have continuously used the Banzai
3    Sprinkler Packaging in interstate commerce to identify its sprinkler toys and other
4    water toy products, including the Wigglin' Water Sprinkler and Cyclone Spin
5    Sprinkler, and to distinguish those products from others by prominently displaying
6    the Banzai Sprinkler Packaging in advertising, promotional literature and other
7    display materials.   Through such use and association, the Banzai Sprinkler
8    Packaging has acquired a strong consumer awareness and secondary meaning.   The
9    Banzai Sprinkler Packaging is also inherently distinctive and non-functional.

10   The Wigglin' Water Sprinkler is a children's water sprinkler toy consisting
11   of a twelve (12) foot long brightly-colored hose (orange or yellow in most
12   instances) (hereinafter the "WW Hose") with fifteen (15) sprinkler arms of varying
13   colors (hereinafter the "WW Arms").   The product likewise includes three (3)
14   brightly-colored cylindrical pods (orange or blue in most instances) to stabilize the
15   hose (hereinafter the "WW Pods") (the WW Hose, WW Arms, and WW Pods
16   referred to collectively hereinafter as the "WW Pieces").   When connected to a
17   running garden hose, the Wigglin' Water Sprinkler "comes to life" and "dances" as
18   water sprays out from the ends of the toy's arms.   The Wigglin' Water Sprinkler
19   Packaging (hereinafter the "WWS Packaging") consists of a circular, clear plastic
20   container, in which the product is coiled similar to a garden hose.   The WW Demo
21   photo and variations thereof featuring the Wigglin' Water Sprinkler are displayed
22   on a rectangular banner wrapped around the middle of the WWS Packaging.   The
23   WWS Packaging banner prominently features orange and blue colors.

24   The Cyclone Spin Sprinkler is a children's water sprinkler that operates in a
25   similar fashion to the Wigglin' Water Sprinkler.   The Cyclone Spin Sprinkler
26   consists of three brightly-colored, star-shaped rings (one inside the other).   The CS
27   Rings are held up by a dual-colored base/stem, consisting of blue paint imitative of
28   water splash, complemented by a bright fill surrounding the splash.   The Cyclone

Spin Sprinkler spins and sprays water from small holes within each ring in a swirling, random fashion when connected to a running garden hose.  The Cyclone Spin Sprinkler Packaging (hereinafter the "CSS Packaging") consists of an upright rectangular box featuring an orange and blue color pattern.  At the base of the CSS Packaging is an open shelf where the water sprinkler toy sits and is in open view to the consumer.  The words "Cyclone Spin Sprinkler" are prominently featured on all sides of the CSS Packaging.

**INTERROGATORY NO. 11**

Identify and describe any instances of consumer confusion relating to the SWIFT HARVEST TOYS or the ACCUSED TOYS.

**RESPONSE TO INTERROGATORY NO. 11**

Objection: request is premature, Swift Harvest is still awaiting complete discovery responses from Dollar General.  Discovery is continuing.

**INTERROGATORY NO. 12**

Identify the amount of damages that YOU claim or intend to claim in this litigation.

**RESPONSE TO INTERROGATORY NO. 12**

Objection: request is premature; Swift Harvest is still awaiting complete discovery responses from Dollar General.  Discovery is continuing.

Date: August 17, 2017

By: _/s/ Carrie McQuaid_
CARRIE A. MCQUAID
Attorneys for Plaintiff
Swift Harvest USA, LLC

EXHIBIT H - 47

## VERIFICATION OF INTERROGATORY RESPONSES

I, _____, am _____, a designated representative of Swift Harvest USA, LLC, a party to this action. Based on reasonable inquiry, the foregoing Responses to Dollar General Corporation Special Interrogatories, Set One are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury under Federal law and the laws of the State of California that the foregoing is true and correct.

Date: _____                     _____
                                                   Brian Dubinsky

PLAINTIFF SWIFT HARVEST USA, LLC's RESPONSE TO DEFENDANT DOLLAR GENERAL CORPORATION'S INTERROGATORIES, SET ONE

EXHIBIT H - 48

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 17th day of August, 2018, I served SWIFT HARVEST USA, LLC'S RESPONSE TO DOLLAR GENERAL CORPORATION INTERROGATORIES SET ONE on the following parties:

Tamany Vinson Bentz
Tamany.bentz@dlapiper.com
Nicole C. Orjiakor
Nicole.orjiakor@dlapiper.com
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA
Attorneys for Dollar General Corporation



By transmitting via electronic mail to the above listed email addresses pursuant to F.R.C.P 5(b)(2)(E) on the date listed above.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.


_/s/ Carrie McQuaid_
Carrie A. McQuaid

# EXHIBIT I



**LLC-1**  File # 2 0 0 7 3 0 9 1 0 0 3 4

# State of California
## Secretary of State

## LIMITED LIABILITY COMPANY
## ARTICLES OF ORGANIZATION

A $70.00 filing fee must accompany this form.

**IMPORTANT – Read instructions before completing this form.**

**FILED**
In the office of the Secretary of State
of the State of California

NOV 0 5 2007

This Space For Filing Use Only

---

**ENTITY NAME** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1  NAME OF LIMITED LIABILITY COMPANY

AquaWood LLC

**PURPOSE** (The following statement is required by statute and should not be altered.)

2.  THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

**INITIAL AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3  NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

Siu Sui Mak

4  IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA    CITY    STATE    ZIP CODE

2229 Barry Avenue                                         Los Angeles,  CA    90064

**MANAGEMENT** (Check only one)

5  THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

[✓] ONE MANAGER

[ ] MORE THAN ONE MANAGER

[ ] ALL LIMITED LIABILITY COMPANY MEMBER(S)

**ADDITIONAL INFORMATION**

6  ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

**EXECUTION**

7  I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

November 2, 2007
DATE

SIGNATURE OF ORGANIZER

Anna Manukyan
TYPE OR PRINT NAME OF ORGANIZER

---

LLC-1 (REV 04/2007)                                                          APPROVED BY SECRETARY OF STATE

EXHIBIT I - 50