# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIFT HARVEST USA, LLC, | Case No. CV 17-8644 DMG (GJSx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT DOLLAR GENERAL'S MOTION FOR SUMMARY JUDGMENT [29, 41]** |
| DOLLAR GENERAL CORPORATION, | |
| Defendant. | |

This matter is before the Court on Defendant Dollar General Corporation's Motion for Summary Judgment ("Motion"). [Doc. ## 29, 32, 33, 34, 37, 39, 40, 41.] The Court has duly considered the arguments and evidence presented in support of and in opposition to the Motion. For the reasons discussed below, Dollar General's motion for summary judgment is **GRANTED**.

## I.

## PROCEDURAL BACKGROUND

On August 31, 2018, Plaintiff Swift Harvest USA, Inc. filed its First Amended Complaint ("FAC") against Defendant Dollar General, asserting claims for: (1) copyright

-1-

infringement; (2) infringement of an unregistered trademark pursuant to 15 U.S.C. §1125(a); (3) trade dress infringement; (4) false advertising; (5) false designation of origin; (6) common law trademark infringement; (7) common law unfair competition; (8) unfair competition in violation of California Business and Professions Code §17200; and (9) unjust enrichment. [Doc. # 27.] On September 14, 2018, Dollar General filed an Answer. [Doc. # 28.]

On September 21, 2018, Dollar General filed its Motion for Summary Judgment. [Doc. # 29.] The Motion is fully briefed. [Doc. ## 32, 33.] The Court held a hearing on the Motion on November 9, 2018. [Doc. # 38.]

On November 12, 2018, Swift Harvest filed an unauthorized Supplemental Brief in Support of Opposition ("Supplemental Brief"), generating a round of unauthorized briefing. [Doc. ## 37, 39, 40.] On December 6, 2018, Dollar General filed a Motion to Strike Plaintiff's Unauthorized Filings and for Sanctions. [Doc. # 41.] Dollar General argued that the Court should strike from the record Swift Harvest's Supplemental Brief and the related declaration and award Dollar General its attorney's fees in the amount of $15,788.50 as a sanction against Swift Harvest. The Court did not grant the parties leave to file supplemental briefs, nor has Swift Harvest shown good cause for the Court to consider its supplemental briefing. Accordingly, the Court *sua sponte* strikes the parties' supplemental briefs [Doc. ## 37, 39, 40] from the record. The Court does not find that Swift Harvest's unauthorized filing of its Supplemental Brief rises to the level of bad faith or willful disobedience of a court order, and so does not award attorney's fees to Dollar General for its legal costs in opposing the Supplemental Brief. *See L.R. 83-7*. The reality is that the Court would have stricken and disregarded the unauthorized brief without the need for Dollar General's opposition.

## II.
## FACTUAL BACKGROUND[1]

**A.     The Subject Works**

Swift Harvest alleges that Dollar General infringed on its intellectual property rights regarding the following five subject works ("Subject Works"):  (1) the Cyclone Spin Sprinkler toy ("Cyclone"); (2) the Wigglin' Water Sprinkler toy ("WWS"); (3) the Wigglin Water Sprinkler demo photograph ("WWS Demo Photo"); (4) the Cyclone Spin Sprinkler toy packaging ("Cyclone Packaging"); and (5) the Wigglin' Water Sprinkler toy packaging ("WWS Packaging").

**B.     Development of the Subject Works**

The five Subject Works were created by SLB Toys USA, Inc. ("SLB"), a now defunct company, and later modified by Aquawood, LLC ("Aquawood").  AMF 16.  SLB and Aquawood designed and developed toys for Toy Quest Ltd. ("Toy Quest") and Manley Toys Ltd. ("Manley Toys"), both of which are companies that sold children's toys.  AMF 15.  Aquawood's versions of the Subject Works are at issue in this case.  AMF 17.

**First Assignment.**  Around 2010, Focus Brand Limited ("Focus") acquired various intellectual property assets from Manley Toys and Toy Quest.  AMF 19.  At this time, Aquawood also assigned its intellectual property rights in the Subject Works to Focus.

**Second Assignment.**  On June 26, 2017, Focus assigned the intellectual property rights to the Subject Works to Banzai International Limited ("Banzai").  AMF 20.

---

[1] As it must on this motion for summary judgment, the Court sets forth the material facts and views all reasonable inferences to be drawn from them in the light most favorable to the non-moving party, i.e. Swift Harvest.  The facts presented are materially undisputed, unless otherwise indicated.  In addition, both sides make a few evidentiary objections.  The Court addresses the objections only where it relies on the evidence as to which objections have been interposed.

**Third Assignment.** On July 25, 2017, Banzai then purported to assign the intellectual property rights in the subject works to Swift Harvest. AMF 6.

These three assignment agreements were intended to transfer the relevant intellectual property rights for the Subject Works from Aquawood ultimately to Swift Harvest. All assignment agreements provide that they are governed by California law, and all three have nearly identical language apart from the parties to the agreements. The "Assignment" provision in the agreements includes reference to the transfer of any claim against Dollar General. AMF 6 and 7. By the terms of the agreements, the transferor is relieved of having to prosecute claims involving any of the transferred items. AMF 6 and 7. The third assignment agreement also includes a provision on licensing, where Swift Harvest granted to Banzai a license to "use, duplicate, market, offer, sell, display, advertise, reproduce, develop or manufacture" any of the assigned items, thereby arranging a "license-back" to Banzai. AMF 8.

C. **Copyright Protection of the Subject Works**

On June 15, 2017, Focus applied for copyright registration of the Cyclone Spin Sprinkler. SUF 41. In August 2018, the application was granted and a registration issued, Registration No. VA 2-113-303. AMF 28.

On June 15, 2017, Focus also applied for copyright registration of the Wigglin Water Sprinkler. SUF 36. On March 12, 2018, the application was denied. On July 27, 2018, Focus sought a reconsideration of its copyright application, arguing against the Copyright Office's determination that the Wigglin Water Sprinkler was uncopyrightable as a useful work. AMF 25. The request for consideration was denied based on the belated timing of the request. AMF 26.

On July 25, 2018, Focus applied for copyright registration of the Wigglin Water Demo Photo. SUF 43. The application is still pending. AMF 29.

## III.

## STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (*en banc*) ("Rule 56 requires the parties to set out facts they will be able to prove at trial."). "[T]he inferences to be drawn from the underlying facts. . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "[A]n opposing party may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e). "It is well settled that a non-moving party must present "more than a 'mere . . . scintilla of evidence' to defeat a motion for summary judgment." *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1019-20 (9th Cir. 2013) (*quoting Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1068 (9th Cir. 2011) (alteration in original)

(quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

## IV.
## DISCUSSION

Dollar General seeks summary judgment on the following grounds: (1) Swift Harvest cannot prove it owns the asserted intellectual property; (2) Swift Harvest's copyright claim fails because the toys are useful articles; and (3) Swift Harvest's trade dress claims fail because the trade dress is functional, not sufficiently distinctive, and not source identifying.

As a preliminary matter, the Court addresses the issue of ownership of the asserted intellectual property, because that issue is case dispositive.

Dollar General argues that Swift Harvest has failed to put forth any evidence to support its claim to ownership of the intellectual property rights to the Subject Works. It contends that Swift Harvest's asserted ownership rights are based on invalid assignment agreements because: (1) the assignment agreements lack consideration; (2) the assignment agreements fail to establish a complete chain of title; (3) the assignment agreements fail to transfer the Cyclone Spin Sprinkler trademark or any related goodwill; and (4) the Swift Harvest assignment agreement fails to transfer any ownership in the packaging of the toys.

Because the validity of all the pending claims turns on the existence of a valid assignment agreement between Banzai and Swift Harvest, the Court will first examine whether valid consideration supports the agreement. If the agreement lacks consideration, the Court need not address the other arguments pertaining to ownership.

Under California law, a contract is valid if there is mutual assent between the parties and valid consideration. *Div. of Labor Law Enforcement v. Transpacific Transp. Co.*, 69 Cal.App.3d 268, 275 (1977). A written instrument is presumptive evidence of consideration. Cal. Civ. Code § 1614. The presumption is rebuttable, and extrinsic evidence is admissible to show lack of consideration. Cal. Civ. Code §1614; Cal. Evid.

Code §622; *Estate of McConnell*, 6 Cal. 2d 493, 499 (1936); *American Nat. Bank of San Francisco v. A.G. Sommerville*, 191 Cal. 364, 369 (1923). In addition, the presumption is one that affects the burden of producing evidence, rather than the burden of proof. *Rancho Santa Fe Pharmacy v. Seyfert*, 219 Cal. App. 3d 875, 884 (1990).

Because the assignment agreements have been executed in written contracts, there is presumptive evidence of consideration. In order to rebut this presumption, Dollar General must produce evidence showing that the contracts lack consideration. Dollar General argues that the contracts on their face lack consideration because Banzai assigned its intellectual property rights in the Subject Works to Swift Harvest in exchange for nothing in return. The agreement contains a license-back provision which grants to Banzai a license to use the transferred intellectual property of the Subject Works. Yet, this right was one that Banzai already had prior to entering the agreement.

Under California law, consideration requires a return act or promise. *See Jara v. Suprema Meats, Inc.*, 121 Cal. App. 4th 1238, 1251 (2004). Further, this return act or promise must be such that it confers a benefit to the promisor "to which the promisor is not lawfully entitled" or requires the promisee to suffer prejudice "other than such as he is at the time of consent lawfully to suffer . . . ." *Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 1006 (2016) (quoting Cal. Civ. Code §1605). The license-back provision does not grant Banzai a benefit to which it had previously not been lawfully entitled.

Swift Harvest argues that the contract contains consideration because Banzai, in granting its intellectual property rights to Swift Harvest, is relieved from "the burden of prosecuting claims regarding those rights and assets." [Doc. # 32 at 9.] Although this argument has some surface appeal, the Court concludes upon further consideration of the assignment agreement as written, that the right to forbear from prosecuting its intellectual property rights is illusory and confers no benefit upon Banzai that it did not already have. Banzai, as the presumed owner of intellectual property rights has no affirmative obligation to prosecute its rights or to enforce its rights against infringers. Nor does the assignment

agreement contain any language requiring Swift Harvest to do so. Had it contained such language or required Swift Harvest to share with Banzai the fruits of any such enforcement, then Banzai would be given the benefit of having the intellectual property rights of the Subject Works protected at Swift Harvest's expense and the agreement would have been supported with consideration.

As the agreement is written, however, Banzai assigned away its intellectual property rights for nothing in exchange.

Because the various assignment agreements are not supported by consideration, and Swift Harvest has no other basis for its ownership of the intellectual property of the Subject Works,[2] Swift Harvest cannot claim ownership of the intellectual property rights on the basis of which it has sued Dollar General. As such, Swift Harvest's claims as to all Subject Works fail as a matter of law. Given this result, the Court declines to address Dollar General's other proffered bases in support of its motion for summary judgment.

///
///
///

---

[2] It is undisputed that Swift Harvest does not use the intellectual property of the Subject Works itself or use it to market other toys. SUF 46. Swift Harvest's only claim to ownership of the intellectual property is through the conveyances in the three assignment agreements.

## V.
## **CONCLUSION**

In light of the foregoing, Dollar General's Motion for Summary Judgment [Doc. # 29] is **GRANTED** as to Swift Harvest's claims because Swift Harvest cannot demonstrate ownership of the subject intellectual property rights. Judgment shall be entered in favor of Dollar General and against Swift Harvest.

The Court strikes the parties' supplemental briefs [Doc. ## 37, 39, 40] from the record and Dollar General's motion for sanctions [Doc. # 41] is **DENIED**. All scheduled dates and deadlines are VACATED.

**IT IS SO ORDERED.**

DATED: December 28, 2018

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE